Egan, J.
I concur in the views expressed in the dissenting opinion ■of Mr. Justice DeBlanc ; and the more readily because by a comparison •of the terms of article 118 of the Constitution of 1868, and those of •article 124 of the Constitution of 1864, with those of article 123 of the ■Constitution of 1852, and article 127 of 1845, it will be perceived that there is a very marked and significant change which could not have been unintentional or without meaning. The Constitution of 1812 was entirely silent in regard to the power, mode, and objects of taxation, so that it furnishes no guide in this inquiry. Article 127 of the Constitution of 1845 reads: “ Taxation shall be equal and uniform throughout the State (after the year 1848); all property on which taxes may he levied ■in this State shall be taxed in proportion to its value, to be ascertained as directed by law. No one species of property shall be taxed higher than another species of property of equal value on which taxes shaft he ■levied. The Legislature shall have the power to levy an income tax, and to tax all persons pursuing any occupation, trade, or profession.” The language of article 123 of the Constitution of 1852 is identically the same, leaving out the words “after the year 1848,” while, for the first time in the history of the State, article 124 of the Constitution of 1864 altogether omitted the important qualifying words “on which taxes may be levied,” and the words “on which taxes shall be levied,” and simply provided that “taxation shall be equal and uniform throughout the State. All property shall he taxed in proportion •to its value, to be ascertained as directed by law; ” followed immediately by the provision: “ The General Assembly shall have power to exempt from taxation property actually used for church, school, or charitable purposes; ” and by the positive, mandatory words: “ The General Assembly shall levy an income tax upon all persons pursuing 'any occupation, trade, or calling, and “ all tax on income shall be pro rata on the Amount of income or business done.” The provisions of article 118 of *916 the Constitution .of 1868 are the same, except that the word “ may ”■ instead of “ shall ” is used in regard to the levy of a tax upon income.
It thus appears that in the two later Constitutions, including the present, all property except that specially exempted is required to be taxed, as well as to be taxed ad valorem; and that all incomes, if any tax on income is imposed, are required to be taxed, as well as to be taxed pro rata on their amount. I think that the Constitution contemplates that all property not embraced within the exemptions stated in it shall be taxed, and that the burdens of taxation on the defendants have been increased without warrant of law, and that they have a right to redress through the courts, their only resort. The evidence is more full on all the points in the case of Davidson & Hill. In City vs. Davidson & Hill it is admitted that the exemptions complained of amount to millions of dollars, but it is sufficient in all. I think the rule, and reason of the rule, as announced by Cooley and Burroughs, can not operate in the teeth of the provisions of the Constitution of this State to the contrary. I base my conclusions wholly upon those provisions which are unlike in important particulars those invoked as similar. Were it otherwise, the general principle invoked by the plaintiff might apply.
I therefore conclude that this case, and the others of the same character, are with the defendants, and dissent from the views of a majority of the court, and from its decrees in all of them.